Honorable Timothy W. Dore
Chapter 7
Hearing Date: December 16, 2022
Hearing Time: 9:30 a.m.
Responses Due: December 9, 2022

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| In Re: | ) | **CASE NO. 22-10566-TWD** |
| --- | --- | --- |
|  | ) | **CHAPTER 7** |
|  | ) |  |
| ALICE LYNN HANIFY, | ) | REPLY IN SUPPORT OF |
|  | ) | OBJECTION TO CLAIM NO. 6 |
| Debtor. | ) | OF LVNV FUNDING, LLC |
|  | ) |  |

Debtor ALICE LYNN HANIFY, through her attorney Richard L. Pope, Jr., submits this reply in support of her objection to the Proof of Claim (ECF Claim No. 6) of LVNV Funding, LLC c/o Resurgent Capital Services LP.

It should be noted that alleged creditors LVNV Funding, LLC and Resurgent Capital Services LP have NOT filed any opposition to Debtor's claim objections. Instead, they had expressly agreed to resolve this matter by withdrawing their very time-barred claim and paying Debtor's counsel $1,200.00. Exhibit 1 is the exchange of e-mails between respective counsels.

Bizarrely, the bankruptcy trustee opposes this resolution. The trustee alarming believes that the clearly time-barred claim of $6,862.48 on an alleged defaulted automobile loan perhaps taken out over a quarter century ago (and without a shred of the documentary evidence that very clearly is required under Fed. R. Bankr. P. 3001(c)(1) for claim validity) should remain in place, so it may receive a pro-rata distribution to the clear prejudice of the actual legitimate creditors.

First, the bankruptcy trustee has absolutely no conceivable standing to prevent an alleged creditor from withdrawing a clearly unmeritorious and time barred claim, or to prevent Debtor and the alleged creditor from resolving at least some of their own disputes with each other.

REPLY IN SUPPORT OF OBJECTION TO
CLAIM NO. 6 OF LVNV FUNDING, LLC -- 1

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington 98008**
**Telephone: (425) 829-5305**
**E-mail: rp98007@gmail.com**

Case 22-10566-TWD    Doc 97    Filed 12/13/22    Ent. 12/13/22 17:51:15    Pg. 1 of 5

For this reason alone, the bankruptcy trustee's opposition must be overruled and Debtor's motion granted by the Court. There is no legal basis for the trustee to pay a time-barred claim.

The bankruptcy trustee has also argued that the trustee should be entitled to sanctions against LVNV Funding. Certainly, had the bankruptcy trustee brought this motion, instead of opposing it, the trustee would be entitled to sanctions under Fed. R. Bankr. P. 3001(c)(2)(D)(ii) for challenging the submission of a defective claim, and perhaps also under the inherent authority of the Court. Perhaps this would be the case even if the trustee were joining in with Debtor supporting the objection motion. But certainly the trustee cannot obtain ANY sanctions against the alleged creditor where the trustee is NOT objecting to the proffered creditor claim.

The trustee argues that Midland Funding LLC v. Johnson, 137 S.Ct. 1407 (2017) somehow mandates denial of Debtor's objection. Nothing could be farther from the truth. Midland Funding merely held there was no cause of action under the Fair Debt Collection Practices Act (FDCPA) for the filing of a time-barred creditor claim in bankruptcy. Quite clearly, this is NOT a lawsuit against LVNV Funding under the FDCPA. Instead, this is an objection in bankruptcy court to a time-barred creditor claim. Midland Funding clearly held that bankruptcy courts have the power – indeed the duty – to grant objections denying time barred creditor claims. Indeed, the parties in Midland Funding did not dispute the denial of creditor claim that had been ordered in the bankruptcy action preceding the FDCPA lawsuit.

Here, Debtor is seeking sanctions against LVNV Funding under Fed. R. Bankr. P. 3001(c)(2)(D)(ii) and the inherent authority of the court. LVNV Funding does not dispute that it should pay $1,200.00 in attorney fees to Debtor's counsel (4.0 hours, still quite a compromise given all the effort since put into this matter) and there is no contest to this being appropriate.

There can sometimes be issues as to whether a debtor (as opposed to the trustee or ANY creditor) has standing to make an objection to a given creditor claim. A chapter 7 debtor, "in its individual capacity, lacks standing to object unless it demonstrates that it would be 'injured in fact' by the allowance of the claim." Cheng v. K&S Diversified Invs., Inc. (In re Cheng), 308 B.R. 448, 454 (9th Cir. BAP 2004), aff'd, 160 F. App'x 644 (9th Cir. 2005).

REPLY IN SUPPORT OF OBJECTION TO
CLAIM NO. 6 OF LVNV FUNDING, LLC -- 2

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington 98008**
**Telephone: (425) 829-5305**
**E-mail: rp98007@gmail.com**

Case 22-10566-TWD    Doc 97    Filed 12/13/22    Ent. 12/13/22 17:51:15    Pg. 2 of 5

Under the facts presented in Cheng (where there was a possibility that the bankruptcy estate was solvent with more assets than claims, the debtor demonstrated "injury in fact" if the claim were allowed, and thus had standing to pursue the objection. Likewise, in this case, there are several separate ways in which Debtor can demonstrate "injury in fact" in the event that this very clearly time-barred claim were allowed and received a distribution of assets.

First of all, the trustee has not demonstrated that the bankruptcy estate is hopelessly insolvent and has offered no evidence or argument in support of such position. Presently, after accounting for duplicate claims, there are just over $63,000 in unsecured claims, including the spurious LVNV claim for $6,862.48. (Exhibit 2) The trustee offers no analysis of the non-exempt asset value of this case. Notably, Debtor has a very substantial pre-petition personal injury lawsuit for which the trustee has asserted an ownership interest over and has employed counsel in order to prosecute. (see dkt. 85) Debtor has also asserted a variety of other pre-petition claims she has against others, for which the trustee has objected to her exemption claims and asserted should instead be non-exempt estate property. (see e.g. dkt. 87) Since the bankruptcy estate has not been shown to be hopelessly insolvent, this fact alone gives Debtor standing to object to the LVNV Funding claim.

Secondly, in the alternative allowance or disallowance of the LVNV Funding claim will affect how much money Debtor will have to pay on the automobile that she is keeping. Please reference Claim 22 (Exhibit 3), filed by HAPO Credit Union, on a 2014 Honda Pilot (which was awarded to Debtor in the dissolution decree). The total amount owed is $14,596.89. The creditor estimates vehicle value (secured amount) at $13,287.00, with an unsecured claim of $1,309.89. This unsecured claim would participate pro rata (in the event the estate proves to be ultimately insolvent) in the dividend the bankruptcy trustee will generate for the estate in this asset case. The claims register currently shows just over $63,000 in unsecured claims. The spurious LVNV claim for $6,862.48 is just over 10% of the unsecured claims filed in this case.

Since Debtor is keeping her 2014 Honda Pilot vehicle, allowance or disallowance of the spurious LVNV claim has a tangible financial effect on her. The portion of the $1,309.89

REPLY IN SUPPORT OF OBJECTION TO
CLAIM NO. 6 OF LVNV FUNDING, LLC -- 3

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington 98008**
**Telephone: (425) 829-5305**
**E-mail: rp98007@gmail.com**

unsecured claim that the trustee pays will vary by roughly 10%, depending upon the LVNV claim being allowed or not.  Regardless of whether some portion of HAPO's claim is secured for the purposes of bankruptcy claim allowance, Debtor has to pay the ENTIRE balance (presumably over time) in order to keep the vehicle.  Whatever amount of the $1,309.89 unsecured claim that the trustee pays HAPO as a dividend will reduce the total balance owed on the vehicle.  In short, Debtor receives a financial benefit by disallowing the LVNV claim, through more of the HAPO loan balance on her car being paid by the trustee's dividend.

Thirdly, in the alternative allowance or disallowance of the LVNV Funding claim will affect how much money Debtor may owe on possibly nondischargeable debts under her dissolution decree.  Exhibit 4 is a copy of Debtor's amended dissolution decree.

Under 11 U.S.C. § 523(a)(15), debts owed under a dissolution decree to a former spouse can be considerable nondischargeable.  There are judgments in the dissolution decree for several thousand dollars in favor of her former husband Thomas Hanify.  In the event the bankruptcy estate is insolvent, allowing or disallowing the LVNV Funding claim will affect the amount that Mr. Hanify gets paid by the bankruptcy estate.  Disallowing the LVNV Funding claim will give Mr. Hanify a larger pro-rata dividend, than if the LVNV Funding claim remains allowed.  If Mr. Hanify is paid more, Debtor will owe less by the same amount if the debt is non-dischargeable.

RESPECTFULLY SUBMITTED this 13th day of December 2022.

/s/ *Richard L. Pope, Jr.*
RICHARD L. POPE, JR.
WSBA # 21118
Attorney for Debtor

**Certificate of Service**

I also caused this pleading to be delivered through electronic court filing on December 13, 2022 (ECF) to all those signed up on this case, including:

**Ronald G. Brown**
**rgblaw@nwlink.com, rgbrown@ecf.axosfs.com**

REPLY IN SUPPORT OF OBJECTION TO
CLAIM NO. 6 OF LVNV FUNDING, LLC -- 4

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington  98008**
**Telephone:  (425) 829-5305**
**E-mail:  rp98007@gmail.com**

Samuel Meyler on behalf of Creditor HAPO Community Credit Union, c/o Samuel M. Meyler
samuel@meylerlegal.com

Richard L Pope, Jr on behalf of Debtor Alice Lynn Hanify
rp98007@gmail.com

United States Trustee
USTPRegion18.SE.ECF@usdoj.gov

Jason Wilson-Aguilar
courtmail@seattlech13.com

Jesse A P Baker on behalf of Interested Party Courtesy NEF
ecfwawb@aldridgepite.com, JPB@ecf.inforuptcy.com; jbaker@aldridgepite.com

James E. Dickmeyer on behalf of Defendant Jason L Woehler
jim@jdlaw.net, jim.dickmeyer@gmail.com

Michael O'Meara on behalf of Defendant Merchants Credit Corporation
michael@omearalawoffice.com

Lance E Olsen on behalf of Interested Party Courtesy NEF
bknotice@mccarthyholthus.com, lolsen@ecf.courtdrive.com

DATED: December 13, 2022.


/s/ Richard L. Pope, Jr.
RICHARD L. POPE, JR.

REPLY IN SUPPORT OF OBJECTION TO
CLAIM NO. 6 OF LVNV FUNDING, LLC -- 5

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington 98008**
**Telephone: (425) 829-5305**
**E-mail: rp98007@gmail.com**