Honorable Timothy W. Dore
Hearing date: August 25, 2023; 9:30 a.m.
Hearing Place: Room 8106, 700 Stewart Street, Seattle, WA 98101
Responses due by: August 18, 2023

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>ALICE LYNN HANIFY,<br>a/k/a Alice Lynn Fallon,<br><br>Debtor(s). | Chapter 7<br>Bankruptcy No. 22-10566-TWD<br><br>TRUSTEE'S MOTION FOR AN ORDER DIRECTING ATTORNEYS TO TURN OVER FILES |

COMES NOW the duly appointed trustee, Ronald G. Brown ("the Trustee"), through counsel, The Livesey Law Firm, and Rory C. Livesey, and moves this Court for an order directing the law firms of Kobes Legal PLLC, and Brett Kobes, and Dean Standish Perkins and Associates, and Dean Perkins (collectively "the Attorneys"), to turn over all attorney files and records related to the Debtor's lawsuit filed in King County Superior Court under Cause No. 21-2-13712-8, including, but not limited to, correspondence and electronic communication, with and on behalf of the Debtor regarding the lawsuit.

I. BACKGROUND

The Debtor filed a Chapter 13 petition on April 6, 2022. The case converted to a Chapter 7 proceeding on June 12, 2022. Prior to the filing of her petition, on October 14, 2021, the Debtor filed a complaint in King County Superior Court against My L. Thai and Spouse Do Thai, as the parents of Nhi-Lac Alex Thai ("the Defendants"), for injuries received in an automobile accident. The Debtor employed the Attorneys to represent her in that matter. The claim became an asset of the bankruptcy estate upon the filing of the petition. 11 U.S.C. § 541. When the case converted to

**TRUSTEE'S MOTION FOR AN ORDER
DIRECTING ATTORNEYS TO TURN
OVER FILES -** 230717dMot  Page 1

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

a Chapter 7 the Trustee employed the Attorneys as special counsel under 11 U.S.C. § 327(e) to pursue the personal injury action on behalf of the estate. The Attorneys wish to withdraw as special counsel. They have withdrawn from the King County case, and likely will have withdrawn as special counsel prior to the hearing on this matter. The Trustee has entered into a tentative settlement agreement with the Defendants' insurance company. That settlement is awaiting Court approval, which is expected to take place on the same date as the hearing on this matter. If the settlement is approved, this motion may become moot. However, should the settlement not be approved or should an order approving the settlement be appealed, the Trustee will need the Attorneys' files to continue pursuing this claim on behalf of the estate.

## II. ARGUMENT

### A. Turnover of Debtor Files

The Trustee is requesting the Court enter an order directing the Attorneys to turn over to the Trustee all files and records in their possession related to the Debtor's personal injury action. The Trustee is requesting the order include not only pleadings and correspondence, but also Attorneys' notes and communications between the Attorneys and the Debtor. The Trustee is making this request pursuant to 11 U.S.C. § 542(e), which states as follows:

> (e) Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

11 U.S.C. § 542(e).

The files held by the Attorneys are property of the Chapter 7 bankruptcy estate. 11 U.S.C. § 541. Generally property of the estate held by a third party is required to be turned over to the trustee. 11 U.S.C. § 542(a). The Attorneys were working for the Debtor on a contingency fee basis. It is unlikely they are owned any money by the Debtor. Moreover, as part of the stipulation to withdraw, they have agreed to waive their fees and costs. However, if they are owed money, they could assert a lien on the Debtor's files in their possession pursuant to RCW 60.40, *et.*

*seq*. Section 542(e) authorizes turnover of property of the estate that may be subject to a possessory lien by an accountant or an attorney. Congress's purpose for adding Section 542(e) was "to restrict . . . the ability of accountants and attorneys to withhold information from the trustee" and thus eliminate their leverage under the state law lien provision to command payment before other creditors by withholding information needed to administer the estate. *In re Foster,* 188 F. 3d 1259, 1265 (10th Cir. 1999).

### B. Attorney/Client Privilege

The first sentence of Section 542(e) will raise an obvious issue. The section starts out with "Subject to any applicable privilege . . .". Initially, it must not be forgotten that the files the Trustee seeks are property of the bankruptcy estate and the turnover of the property itself to the Trustee does not implicate the attorney/client privilege. It is clear that in the case of a corporate debtor, the attorney/client privilege runs to the trustee, and it is the trustee's to waive. *Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed 2d 372 (1985). (*See, also, United States v. Campbell*, 73 F.3d 44 (5th Cir. 1996). Whether the privilege runs to the trustee in the case of an individual debtor seems to be something of an open question, with decisions all over the board. There are cases that find the trustee does not have the power to waive the attorney/client privilege for an individual. *In re Silvio De Lindegg Ocean Developments of America, Inc.*, 27 B.R. 28 (Bkrtcy. S.D. Fla. 1982). *See, also, In re Hunt*, 153 B.R. 445, 454 (Bkrtcy. N.D. Tex. 1992). However, other courts have reached the opposite conclusion, finding the trustee may waive the privilege of an individual debtor. Those cases focus on the lack of adverse effect on the debtor based upon the facts of the case. *In re Smith*, 24 B.R. 3 (Bkrtcy. S.D. Fla. 1982) (with facts similar to this case, but involving a wrongful death suit.) *See, also, In re Fairbanks*, 135 B.R. 717 (Bkrtcy. D. N.H. 1991).

There is a third, and more reasoned, approach to this issue that balances the potential harm to the Debtor against the Trustee's need for information to fulfill his duties under the Bankruptcy Code. *See* 11 U.S.C. § 704. *In re Foster,* 188 F. 3d at 1265. *See, also*, *In re Bazemore*, 216 B.R.

**TRUSTEE'S MOTION FOR AN ORDER
DIRECTING ATTORNEYS TO TURN
OVER FILES -** 230717dMot  Page 3

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

1020 (Bkrtcy S.D. Ga 1998) and *In re Miller*, 247 B.R. 704 (Bkrtcy. N.D. Ohio 2000). This practical approach would allow for the turnover of privileged communications to the Trustee if the benefit to the estate outweighs any prejudice to the Debtor.

The policies supporting a finding that the trustee controls the privilege in individual bankruptcies exists in this case. Generally, the files the Trustee is seeking would be little more than what the Debtor would have to produce in discovery in any personal injury action. The Trustee is, however, requesting the communication between the Debtor and the Attorneys. That information is important in maximizing the estate for the benefit of the creditors. The Debtor will suffer no repercussions if the files are turned over to the Trustee. Moreover, the Trustee is not necessarily looking to disclose any otherwise privileged communications to third parties. Admittedly, there may be a set of circumstances that may require disclosure, but generally the Trustee is seeking to step into the shoes of the Debtor as the Plaintiff to obtain the best recovery for the benefit of the creditors.

### C. An Adversary Proceeding is Unnecessary

Typically a turnover of property held by a third party requires an adversary proceeding. Fed. R. Bank. P. 7001. However, that rule excludes turnover actions under Section 542. (See Fed. R. Bank. P. 6002.) Moreover, Section 542(e) says " . . . after notice and a hearing . . ." the Court may order the turnover. The Bankruptcy Code defines "after notice and a hearing" as " . . . such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . .." 11 U.S.C. § 102(1). If an adversary proceeding is required, the Trustee's investigation into the asset would be delayed by months. Under the circumstances the notice and hearing requirements of the statute are met by a motion.

### D. Attorney's Liens

Should the Attorneys claim a lien under state law, it is possible to provide the Attorneys with a replacement lien or administrative claim. The difficulty then becomes in valuing the lien or the administrative claim. The majority of courts that have considered the issue concluded that an

1 attorney who turns over documents to a trustee, as required under Section 542(e), "may be entitled to a replacement lien or administrative expense measured by the value of the documents provided, if any, in revealing assets or assisting the administration of the estate." *In re Rapid Freight System*, 2011 Bankr. LEXIS 1328 (New Jersey 2011). Typically such motions are not directed at trustee's special counsel. At this point it is virtually impossible to determine the value of any replacement lien or administrative claim until the files are turned over to the Trustee and an analysis of their ultimate benefit of the estate can be conducted. The Trustee requests that the replacement of the Attorneys' liens or the allowance of an administrative claim, if either are applicable, be subject to further order of the Court.

### III. CONCLUSION

The Trustee will soon be operating without special counsel in the personal injury action. The Attorneys are the ones most familiar with the case and have accumulated files and records that are necessary for the Trustee to realize on this asset. The personal injury action is an asset of the bankruptcy estate. There is a tentative agreement awaiting approval by the Court. However, should that settlement fall through, the Trustee will be decidedly disadvantaged without access to the records needed to pursue that claim.

WHEREFORE, based on the foregoing, the Trustee requests that the Court enter an order directing the Attorneys to turn over all files of the Debtor in their possession, including pleadings, notes, client communications (both electronic and written), to the Trustee.

RESPECTFULLY SUBMITTED this 4th day of August, 2023.

THE LIVESEY LAW FIRM

/S/ *Rory C. Livesey*
_____
Rory C. Livesey, WSBA #17601
Attorney for Ronald G. Brown, Trustee